# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARGROVE & COSTANZO, et.al., | 1:06cv046 AWI DLB |
| Plaintiffs, | ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR LEAVE TO FILE AMENDED COUNTER CLAIM |
| v. | (Document 28) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Defendant the United States of America (the "Government") filed the instant motion for leave to file an amended counterclaim on January 31, 2007. A hearing was held on March 23, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Theodore Phillips and Neal Costanzo appeared on behalf of plaintiffs Richard Hargrove and Hargrove & Costanzo, a law firm in Fresno, California (collective "plaintiffs"). Hilarie Snyder appeared on behalf of the Government.

1

# BACKGROUND

Plaintiffs filed this tax refund suit on January 12, 2006 based on the following:

From 1996 through 2000, the law firm of Hargrove & Costanzo acted as bond counsel for 18 purportedly tax exempt bonds. The Government contends Hargrove & Costanzo made tax-related statements which its lawyers knew or should have known were false in conjunction with 18 bond issuances. As a result, the Internal Revenue Service ("IRS") assessed a § 6700 penalty against the law firm for approximately $1.8 million. Plaintiffs paid a portion of the penalty and sued for a refund.

The Complaint alleges the IRS made an assessment dated May 16,2005, naming "Hargrove & Costanzo, Hargrove, Richard H., Gen Ptr," under Taxpayer Identification No, 7-0426691, the number assigned to a business organization, a law firm, dissolved since December 31,2000. Plaintiffs contend the assessment is invalid, unlawful, erroneous, and void.

On May 25, 2006, the Government filed an answer to the Complaint and a Counterclaim against Hargrove & Costanzo. Hargrove & Costanzo filed a motion to dismiss the counterclaim based on statute of limitations and failure to plead fraud with specificity. The Court denied the motion as to the statute of limitations and granted as to failure to plead with specificity. The Government was granted leave to amend and thereafter filed its first amended counterclaim against Hargrove & Costanzo on October 16, 2006. The counterclaim includes one claim - to reduce the IRS's tax assessment against the partnership to judgment.

Hargrove & Costanzo answered the counterclaim on November 17, 2006, stating that from 1996 to 2000, it was a partnership, the partnership dissolved and the law firm is now operating as a professional corporation.

Based on discovery received regarding the original partners of Hargrove & Costanzo, the current operating entity and the circumstances around the dissolution, the Government now seeks leave to amend the counterclaim to make clear exactly what entity was assessed

the tax and to raise state law claims for the joint and several liability of partners Richard Hargrove and Neal Costanzo, as well as the successor entity, Hargrove & Costanzo, a Professional Corporation. The Government filed the instant motion for leave to file a second amended counterclaim on January 31, 2007. Plaintiffs filed an opposition on March 1, 2007 and the Government filed a reply on March 16, 2006.

## DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

B.   Analysis

The Government seeks to: (1) clarify that only the partnership Hargrove & Costanzo was assessed the penalty; (2) add a claim against the general partners, Richard Hargrove and Neal Costanzo under California Corporations Code § 16306(a) for joint and several liability for the obligations of the partnership; and (3) add a claim under a successor entity theory

against the professional corporation, Hargrove & Costanzo.

Plaintiffs argue that the Government's proposed amended counterclaims against the general partners and the corporation are futile and allowing the amendment would be prejudicial because the Government seeks to improperly impute liability to the individual partner Neal Costanzo and the corporation. Plaintiffs argue the Government relies on California state law and ignores the clear language of § 6700 of the IRC and federal cases which hold that there can be no vicarious liability or imputed liability for a penalty under this section. Plaintiffs cite *United States v. Turner, et. al.,* 601 F.Supp 757 (ED Wisconsin 1985)[aff'd *United States v. Smith*, 787 F.2d 595] and *Ostrow v. United States of America* 1986 WL 6855 (M.D. Fla) in support of their position that there can be no imputed or vicarious liability for a § 6700 violation. Plaintiffs argue the "knows or has reason to know" language of the statute is a scienter requirement which precludes vicarious or imputed liability against a copartner or successor entity. *See United States v. Estate Preservation Services*, 202 F.3d 1093, 1098-1099 (9th Cir. 2000).

Plaintiff also argues the identities of the partners were fully known to the IRS even before it issued the assessment and the fact of incorporation of the professional corporation is a matter of public record. Because the proposed amendment is based on facts known to the Government when it filed its original pleading, plaintiff argues leave should be denied.

The Government argues that it does not seek to assess a penalty against the individual partners or the successor entity nor does it seek injunctive relief against the individuals or the successor corporation. The Government seeks to ensure collection of the partnership's liability from whom collection may be had. The claims the Government seeks to add are derivative state law claims, without which, the Government would be left with a judgment against a defunct, worthless entity that was conveniently disbanded just after the improper activity of which the IRS complains. The Government also argues the cases cited by plaintiff are distinguishable.

4

1    In *United States v. Turner, et. al.,* 601 F.Supp 757 *(*ED Wisconsin 1985), cited by
2 plaintiffs, the Government sought an injunction against Turner for violating §6700. The
3 Court denied injunctive relief because even though Turner was a partner of one of the
4 individual wrongdoers, he did not personally engage in penalty conduct and therefore could
5 not be enjoined. In *Ostrow v. United States of America* 1986 WL 6855 (M.D. Fla Jan. 13,
6 1986), the IRS made a jeopardy assessment against the taxpayer under the jeopardy
7 assessment statutes and § 6700. The taxpayer successfully challenged the assessment
8 because the Government did not have any evidence showing that the taxpayer organized or
9 assisted in the organization of the tax shelters. The Government argues these cases do not
10 deal with the joint and several liability for the debts of the partnership.

11    The proposed third amended complaint alleges that the professional corporation is a
12 mere continuation of the partnership, that the partners are now shareholders, the names of the
13 entities are the same, both are law firms, the two entities have the same management, and that
14 the professional corporation did not pay adequate consideration for the partnership's assets.
15 The Government points out that the case cited by plaintiffs, *Monarch Bay II v. Professional*
16 *Services Industries, Inc.*, 75 Cal.App. 1213 (1999) does not call into doubt the original four
17 exceptions to the rule against successor liability, the court simply chose not to expand a fifth
18 exception established in *Ray v. Alad Corp.,* 19 Cal. 3d 22, 28 (1977), applicable in products
19 liability cases.

20    While there may be some authority which lends credence to plaintiffs' argument that
21 since neither Neal Costanzo nor the corporation were involved in the bonds at issue, they
22 cannot be held liable under Section 6700, without knowing the facts surrounding the
23 partnership, the partnership agreement and the facts surrounding the establishment of the
24 alleged successor entity, the Court cannot find that the proposed amended counterclaims are
25 futile. The authority cited by plaintiffs, while consistent with their argument, is not directly
26 on point. In each of the cases relied upon by opposing parties the Government sought to

28                                    5

1  enjoin and/or assess the taxpayer directly, where as in this case, the Government merely
2  seeks to include Mr. Costanzo and the successor corporation for collection purposes.  This
3  may be a distinction without a difference and the Government's claims may ultimately be
4  foreclosed by the statute; but this is a determination that should not be made at the pleading
5  stage.  This determination will instead be made on legal motions or at trial, after the Government
6  has developed the facts in support of its theory of liability and the facts are before the Court.
7       While plaintiffs argue that the proposed amendment is based on facts known to the
8  Government when it filed its original pleading, plaintiffs have failed to show any actual
9  prejudice and therefore this argument is rejected.
10 C.     Order
11      For the above reasons, the Government's Motion for Leave to File an Amended
12 Counterclaim is HEREBY GRANTED.  The Government SHALL file its Amended
13 Counterclaim within ten (10) days of the date of this Order.  The Amended Counterclaim shall be
14 served within 30 days of filing and an answer will be due within 20 days of service.
15      IT IS SO ORDERED.
16      Dated:   **May 25, 2007**              **/s/ Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE