1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARGROVE & COSTANZO, et al, | CASE NO. CV-F-06-046 LJO DLB |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| vs. | |
| UNITED STATES of AMERICA, | |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

Plaintiffs request reconsideration of the Magistrate Judge's Order granting Defendant leave to amend a counterclaim and directing Counter Defendants to file an answer within 20 days after being served with the amended counterclaim.  Plaintiffs argue that the Magistrate Judge exceeded his jurisdiction, because by requiring Counter Defendants to file an answer, they have been precluded from filing a motion to dismiss.  Neither the Magistrate Judge's directive nor the Federal Rules of Civil Procedure preclude Counter Defendants from filing a motion to dismiss.  Accordingly, this motion for reconsideration is DENIED.

## II. BACKGROUND

Plaintiffs filed this tax refund suit on January 12, 2006 based on the following:  From 1996 through 2000, the law firm of Hargrove & Costanzo acted as bond counsel for 18 purportedly tax exempt bonds. The Government contends Hargrove & Costanzo made tax-related statements which its lawyers

1

1    knew or should have known were false in conjunction with 18 bond issuances. As a result, the Internal

2    Revenue Service ("IRS") assessed a § 6700 penalty against the law firm for approximately $1.8 million.

3    Plaintiffs paid a portion of the penalty and sued for a refund.  The Complaint alleges the IRS made an

4    assessment dated May 16,2005, naming "Hargrove & Costanzo, Hargrove, Richard H., Gen Ptr," under

5    Taxpayer Identification No, 7-0426691, the number assigned to a business organization, a law firm,

6    dissolved since December 31,2000. Plaintiffs contend the assessment is invalid, unlawful, erroneous,

7    and void.

8         On May 25, 2006, the Government filed an answer to the Complaint and a Counterclaim against

9    Hargrove & Costanzo. Hargrove & Costanzo filed a motion to dismiss the counterclaim based on statute

10   of limitations and failure to plead fraud with specificity.  The Court denied the motion as to the statute

11   of limitations and granted as to failure to plead with specificity. The Government was granted leave to

12   amend and thereafter filed its first amended counterclaim against Hargrove & Costanzo on October 16,

13   2006. The counterclaim includes one claim - to reduce the IRS's tax assessment against the partnership

14   to judgment.  Hargrove & Costanzo answered the counterclaim on November 17, 2006, stating that

15   from 1996 to 2000, it was a partnership, the partnership dissolved and the law firm is now operating as

16   a professional corporation.

17        Based on discovery received regarding the original partners of Hargrove & Costanzo,the current

18   operating entity and the circumstances around the dissolution, the Government sought leave to amend

19   the counterclaim to make clear exactly what entity was assessed the tax and to raise state law claims for

20   the joint and several liability of partners Richard Hargrove and Neal Costanzo, as well as the successor

21   entity, Hargrove & Costanzo, a Professional Corporation.

22        In an order dated May 25, 2007, Magistrate Judge Dennis L. Beck granted the Government's

23   motion for leave to file an amended counterclaim.  The Magistrate Judge reasoned:

24        While there may be some authority which lends credence to plaintiffs' argument that
          since neither Neal Costanzo nor the corporation were [SIC] involved in the bonds at
25        issue, they cannot be held liable under Section 6700, without knowing the facts
          surrounding the partnership, the partnership agreement and the facts surrounding the
26        establishment of the alleged successor entity, the Court cannot find that the proposed
          amended counterclaims are futile. The authority cited by plaintiffs, while consistent with
27        their argument, is not directly on point. In each of the cases relied upon by opposing
          parties the Government sought to enjoin and/or assess the taxpayer directly, where as in
28        this case, the Government merely seeks to include Mr. Costanzo and the successor

2

corporation for collection purposes. This may be a distinction without a difference and the Government's claims may ultimately before closed by the statute; but this is a determination that should not be made at the pleading stage. This determination will instead be made on legal motions or at trial, after the Government has developed the facts in support of its theory of liability and the facts are before the Court. (Order of May 25, 2007, pp. 5-6).

In granting the motion, the Magistrate Judge further ordered that the Government "shall file its Amended Counterclaim within ten (10) days of the date of this Order.  The Amended Counterclaim shall be served within 30 days of filing and an answer is due within 20 days of service." *Id.*, p. 6.

### III. ANALYSIS

**A.  Standard of Review**

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law.  *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); see *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990).  Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exists or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion."

**B.  Jurisdiction of Magistrate Judge**

"The magistrate system now plays an integral and important role in the Federal judicial system." *Gomez v. United States*, 490 U.S. 858, 869 (1989) (quoting H.R. Rep. No. 96-287, p. 5 (1979).  In passing the Federal Magistrate Judge Act of 1979, 28 U.S.C. §636, Congress conferred onto a Magistrate

1  Judge the authority to

2        hear and determine any pretrial matter pending before the court, except a motion for
          injunctive relief, for judgment on the pleadings, for summary judgment...to dismiss
3        for failure to state a claim upon which relief can be granted, and to involuntarily
          dismiss an action.  A judge of the court may reconsider any pretrial matter...where it
4        has been shown that the magistrate judge's order is clearly erroneous or contrary to
          law.  28 U.S.C. §636(b)(1)(A).

5

6  Under the act, a magistrate judge may also be assigned "such additional duties as are not inconsistent

7  with the Constitution and laws of the United States.  28 U.S.C. §636(b)(3).

8        Plaintiffs argue that the Magistrate Judge exceeded his authority and jurisdiction by directing

9  Counterclaim defendants to file an answer within 20 days of service of the Amended Counterclaim.

10  Plaintiffs argue that such a direction "foreclos[es] the right of the newly added Counterclaim Defendants

11  to file a motion under FRCP Rule 12(b)(6) to dismiss the counterclaim for failure to state a claim against

12  them."  Pl. Mot. Reconsideration, p. 4.  Plaintiffs conclude that "[t]o the extent the order granting leave

13  to file a Second Amended Complaint requires the filing of an answer, as opposed to a motion to dismiss

14  this frivolous pleading, it is a determination of a dispositive motion that is in excess of the Magistrate's

15  jurisdiction."  *Id.*, p. 5.  Plaintiffs request this Court strike from the Magistrate Judge's order the

16  requirement that an answer be filed in response to the Second Amended Counterclaim, because the

17  "newly added Counterclaim Defendants wish to preserve their right to seek to have this complain

18  dismissed on a motion under Rule 12(b)(6)." *Id.*[1]  In opposition, the Government argues that "[r]eading

19  Judge Beck's decision as prohibiting not-yet-served parties from filing a motion to dismiss is creating

20  trouble where none existed."  Opp. Mot. Reconsideration, p. 7.

21        The Magistrate Judge ruled on a motion to amend the counterclaim.   Under 28 U.S.C.

22  §636(b)(1)(A), the Magistrate Judge has the jurisdiction and authority to act in pre-trial matters.  This

23  motion does not fall within the prescribed exceptions.  Therefore, the Magistrate Judge acted with proper

24  jurisdiction.

25        Federal Rule of Civil Procedure 12(a)(1)(A) directs that a defendant shall serve an answer within

26  20 days after being served with the summons and complaint.  The directive by the Magistrate Judge did

27  _____

28        [1]The rest of Plaintiffs' motion contains argument which is offered in support of a motion to dismiss.  However,
      Plaintiffs' have not moved to dismiss the complaint.  Therefore, the Court will not consider these arguments here.

4

1  nothing more than iterate this well-established rule.  According to Federal Rule of Civil Procedure 12(b),

2  a motion of the type Plaintiffs request–a motion to dismiss for failure to state a claim–shall be made

3  before pleading, if further pleading is permitted.  Neither the rules nor the directive of the Magistrate

4  Judge preclude Plaintiffs/Counterclaim Defendants from filing a motion to dismiss.  The effect of the

5  Federal Rules and the Magistrate Judge's directive is to give Plaintiffs/Counterclaim Defendants a time

6  frame by which they should file that motion.

7       Plaintiffs' have cited no authority for their position that directing a Counter Defendant to answer

8  precludes that party from filing a motion to dismiss.  The Court finds that the Magistrate Judge acted

9  with proper jurisdiction and authority, following well-settled Federal Rules.  Therefore, this Court finds

10  no clear error or manifest injustice in the order.

11  **IV. CONCLUSION**

12       I.    Plaintiffs' motion for reconsideration is DENIED; and

13       II.   The hearing currently scheduled for July 5, 2007 is VACATED.

14  **IT IS SO ORDERED.**

15  **Dated:    July 2, 2007**                    **/s/ Lawrence J. O'Neill**
16                                          **UNITED STATES DISTRICT JUDGE**

5